```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

DAVID EARL WATTLETON,
            Plaintiff,

         v.                           CIVIL ACTION NO. 10-40175-PBS


JOHN OR JANE DOE, TRUST FUND
ADMINISTRATORS, Fort Devens
Federal Medical Center,
            Defendants.
```

MEMORANDUM AND ORDER
September 29, 2010

SARIS, D.J.

I. INTRODUCTION

On August 31, 2010, Plaintiff David Earl Wattleton ("Wattleton"), an insanity acquittee in custody at FMC Devens in Ayer, Massachusetts, and a frequent filer in this Court, filed a "Motion for Injunctive Relief" along with an inmate account statement (Docket No. 1), and a Motion for Leave to Proceed *in forma pauperis* (Docket No. 2).  The caption of his Motion for Injunctive Relief indicates that this pleading was intended as a new civil action; however no separate Complaint was filed along with that pleading.  For administrative purposes, the Clerk's Office opened Wattleton's pleadings as a new civil action on the Court's docketing system.

II. DISCUSSION

   A.   The Motion for Leave to Proceed *In Forma Pauperis*

   Upon review of Wattleton's financial disclosures and inmate account statement, the Court ALLOWS his Motion for Leave to

Proceed *in forma pauperis* (Docket No. 2).  No filing fee is assessed pursuant to 28 U.S.C. § 1915(b) for the reasons discussed below.

  B. <u>The Motion for Injunctive Relief</u>

  In his motion, Wattleton seeks injunctive relief in the form of an all-encompassing Order enjoining the defendants from collecting the filing fees from his inmate account *simultaneously*, rather than sequentially, relying on <u>Lafauci v. Cunningham</u>, 139 F. Supp. 2d 144, 147 (D. Mass. 2001) in support.  Wattleton fails, however, to identify any specific civil cases in which he claims the defendant Trust Fund Administrators acted wrongfully with respect to the withdrawal of his funds for the purpose of paying his filing fee obligations.

  Nevertheless, a review of the Court's dockets indicate that Wattleton has filed 28 actions in this Court.  In his pending cases, he has not been assessed a filing fee by this Court pursuant to the Prison Litigation Reform Act ("PLRA"), because, as an insanity acquittee, he is not a "prisoner" as defined by 28 U.S.C. § 1915(h), and therefore he is not subject to the PLRA.  Thus, it is not entirely clear why Wattleton seeks injunctive relief.  It appears, however, that on May 18, 2010, one of Wattleton's cases was transferred to this Court from the United States District Court for the District of Columbia.  See <u>Wattleton v. Lappin, et al.</u>, C.A. 10-10845-NMG (Order for

Transfer, Docket No. 26, issued Apr. 28, 2010).

On August 28, 2009, <u>before</u> the action was transferred to this District, United States District Judge Ricardo M. Urbina issued an Order granting Wattleton's motion for leave to proceed *in forma pauperis* and directing Wattleton to pay 20% of the preceding month's income credited to his prison account as continued partial payments on the balance of the $350.00 filing fee owed.  Judge Urbina also directed the institutional officer to deduct payments from Wattleton's inmate account in accordance with the collection provisions of 28 U.S.C. § 1915(b).  <u>See</u> <u>Order</u> (Docket No. 8) issued in <u>Wattleton v. Lappin, et al.</u>, C.A. 09-1108 (United States District Court for the District of Columbia).

As an initial matter, this Court will not grant blanket injunctive relief to Wattleton where he has failed to file a separate "Complaint" necessary to commence a civil action in this Court.  <u>See</u> Fed. R. Civ. P. 3 (Commencement of Action: "A civil action is commenced by filing a complaint with the court."). Additionally, Rules 8 and 10 of the Federal Rules of Civil Procedure set forth the pleading requirements for any Complaint, requiring a plaintiff to set forth plausible claims upon which relief may be granted.  Wattleton's Motion for Injunctive Relief provides no underlying facts or circumstances supporting his claim for relief, and this Court will not construe his pleading as a Complaint satisfying these rules.

Next, to the extent that Wattleton's Motion for Injunctive Relief seeks relief from Judge Urbina's Order in <u>Wattleton v. Lappin, et al.</u>, C.A. 10-10845-NMG (Docket No. 8), the motion is <u>DENIED</u> without prejudice to renew by filing a pleading directly in that civil action seeking injunctive relief or reconsideration of Judge Urbina's Order.  To the extent that Wattleton seeks injunctive relief in connection with any other pending case in which a filing fee has been assessed, his motion also is <u>DENIED</u> without prejudice to renew by filing a request for relief directly in that other case.

Finally, notwithstanding the above, in the event that Wattleton seeks to resolve this matter without court intervention, the Court notes that it has been the practice of this District Court to collect a prisoner's filing fee obligations under the PLRA <u>consecutively</u> (sequentially) and <u>not simultaneously</u> with any prior filing fee obligation imposed by any court.[1]  In other words, any funds received from a prisoner's account are applied first to any prior Order of a Court assessing a filing fee pursuant to 28 U.S.C. § 1915.

---

[1] <u>See</u> <u>Ruston v. NBC Television</u>, No. 06-4672-cv (2d Cir. 2009) <u>citing</u> <u>Whitfield v. Scully</u>, 241 F.3d 264, 277 (2d Cir. 2001). <u>See</u> <u>also</u> <u>Lafauci</u>, 139 F. Supp. 2d at 147 (reviewing decisions of the courts of appeals for the Second, Seventh, and District of Columbia circuits, and indicating that "the simultaneous collection of filing fees from indigent prisoners may raise serious constitutional concerns").

III. CONCLUSION AND ORDER

Based on the foregoing, it is hereby Ordered that Wattleton's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>, and his Motion for Injunctive Relief (Docket No. 1) is <u>DENIED</u> without prejudice.  A separate Order of Dismissal of this action shall enter in light of this Memorandum and Order.


SO ORDERED.

<u>/s/ Patti B. Saris</u>
UNITED STATES DISTRICT JUDGE